■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v SALEH ROHANY, Respondent.—Appeal by the People from so much of an order of the Supreme Court, Queens County (Beerman, J.), dated August 8, 1986, as granted those branches of the defendant's motion which were to dismiss count one of the indictment charging him with arson in the first degree, count two charging him with reckless endangerment in the first degree and count three charging him with reckless endangerment in the first degree.

Ordered that the order is affirmed insofar as appealed from.

The defendant was charged, *inter alia,* with arson in the first degree and two counts of reckless endangerment in the first degree in connection with a fire in a women's retail clothing establishment operated by him.

The jury returned with a guilty verdict on all six counts of the indictment. The court however granted the defendant's motion for a trial order of dismissal as to the arson count and both reckless endangerment counts *(see,* CPL 290.10).

On this appeal we are called upon to review the legal sufficiency of the circumstantial evidence offered at trial to

prove the defendant's guilt with respect to arson in the first degree and reckless endangerment in the first degree (two counts). We must therefore view the facts in the light most favorable to the People and assume that the jury credited the prosecution's witnesses and gave the People's evidence the full weight that might be reasonably accorded it (see, *People v Benzinger,* 36 NY2d 29, 32).

Although the prosecution called 12 witnesses we find that the People never directly connected the defendant with the fire itself or with the means to start it (see, *People v Marin,* 102 AD2d 14, 16, *affd* 65 NY2d 741). Nor were they able to establish a cause of the fire. Thus, the first three counts of the indictment were properly dismissed. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.